IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CT-3269-D

ERIC A. HUDSON, )
)
              Plaintiff, )
)
v. ) **ORDER**
)
C/O SESSOMS, et al., )
)
              Defendants. )

On September 1, 2020, Eric Hudson ("Hudson" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights and the Prison Rape Elimination Act ("PREA") [D.E. 1, 2, 7]. On March 4, 2021, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A, dismissed any claim relying on a violation of PREA along with John Doe defendants and allowed Hudson to proceed with his section 1983 claims [D.E. 9]. Defendant James H. Candelerio is in default [D.E. 48]. On November 22, 2022, the court granted Hudson's motion for entry of default judgment against Candelerio and referred the action to Magistrate Judge Jones for an evidentiary hearing and memorandum and recommendation on damages [D.E. 73]. On March 30, 2023, Hudson stipulated to the voluntary dismissal of his claims against the remaining defendants [D.E. 96].

On January 18, 2023, Magistrate Judge Jones conducted an evidentiary hearing. See [D.E. 82–84]. On February 6, 2023, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") and recommended that Hudson be awarded $15,000.00 in compensatory damages against Candelerio [D.E. 87]. No party objected to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court ADOPTS the conclusions in the M&R [D.E. 87] and DIRECTS the clerk to enter judgment for plaintiff against Candelerio in the amount of $15,000. The clerk shall close the case.

SO ORDERED. This 6 day of April, 2023.

JAMES C. DEVER III
United States District Judge